IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALTER GOLDSTON, )
)
        Petitioner, )
)
v. ) 1:14CV758
)
FRANK PERRY, )
)
        Respondent. )

## RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a state prisoner, submitted a Letter [Doc. #1] attacking his state court criminal convictions. Given the nature of the claims, the Court treated the filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the Petition could not be further processed because court records reveal that Petitioner already attacked the same convictions in a previous § 2254 petition [1:00CV365]. Consequently, Petitioner must apply to the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the current Petition, as required by 28 U.S.C. § 2244(b)(3)(A), before the Court could consider the Petition. Petitioner does not claim that he received authorization to file a successive Petition.

Further, Petitioner has now submitted a second Letter [Doc. #2] stating that he does not wish to have his initial letter treated as a habeas petition and that the first letter

was misconstrued. Whatever the intent of the first letter, the only way that Petitioner can proclaim his innocence and attack his state court convictions in this Court is through a habeas petition under § 2254. However, Petitioner clearly states that he does not wish to pursue such a petition and, in any event, he could not without do so without the authorization discussed above. Federal Rule of Civil Procedure 41(a)(1) provides for the voluntary dismissal of an action without a court order (1) before service by the adverse party of an answer or of a motion for summary judgment, or (2) by stipulation of the parties. Fed. R. Civ. P. 41(a)(1)(A). Petitioner's second Letter makes it clear that he does not wish to pursue a habeas petition. Given that no answer or motion for summary judgment has been filed in these matters, dismissal under Rule 41(a)(1)(A) is proper. Consequently, the undersigned construes Petitioner's second letter as a Notice of Voluntary Dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Such notice is self-executing and the case should be closed at Petitioner's request.

Finally, Petitioner also requests appointment of counsel in connection with a revocation of supervised release hearing in this Court. That is a separate matter related to his criminal case, 1:90CR79-1. His request for counsel in the current case will be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Letter Request [Doc. #2] to withdraw the Petition be GRANTED to the extent that it seeks to withdraw the Petition

[Doc #1] in this case and DENIED to extent that it seeks an appointment of counsel in this case, and that this case be TERMINATED without prejudice and closed.

This, the 8th day of January, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge